## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **PAULA J. GAGNON,** as guardian and conservator of **PAUL G. GAGNON,** ] | |
| ] | |
| Plaintiff ] | Case No. _____ |
| ] | |
| v. ] | Jury Trial Requested |
| ] | |
| **KENNEBEC COUNTY**, ] | |
| ] | |
| **KENNEBEC COUNTY SHERIFF'S OFFICE**, ] | |
| ] | |
| **L. KENNETH MASON**, individually and as Sheriff of the Kennebec County Sheriff's Office, ] | |
| ] | |
| **SGT. LAWRENCE PEABODY**, individually and as sergeant of the Kennebec County Sheriff's Office, ] | |
| ] | |
| and ] | |
| ] | |
| **GAVIN LACHANCE,** **KIRBY BRADBURN,** **LEUCIO PACELLI,** and **MICHAEL DUMONT**, individually and as corrections officers of the Kennebec County Sheriff's Office, ] | |
| ] | |
| Defendants. ] | |

## **COMPLAINT**

Plaintiff Paula J. Gagnon, as guardian and conservator of Paul G. Gagnon, complains pursuant to 42 U.S.C §§ 1983 and 1988 and under the laws of the State of Maine against Defendants Kennebec County, the Kennebec County Sheriff's Office, L. Kenneth Mason, Sgt. Lawrence Peabody, Gavin Lachance, Kirby Bradburn, Leucio Pacelli, and Michael Dumont (collectively, "Defendants"), as more fully set forth herein.

## PARTIES AND JURISDICTION

1.      Plaintiff Paula J. Gagnon ("Ms. Gagnon") is an individual residing in Winthrop, County of Kennebec, State of Maine.

2.      Ms. Gagnon is the full guardian and conservator of her brother, Paul G. Gagnon ("Mr. Gagnon"), by order of the Kennebec County Probate Court dated February 7, 2018.

3.      Mr. Gagnon is an individual residing in Augusta, County of Kennebec, State of Maine, and at all relevant times to this Complaint was an inmate at the Kennebec County Correctional Facility in Augusta, County of Kennebec, State of Maine.

4.      Defendant Kennebec County (the "County") is and was at all times relevant herein a county organized under the laws of the State of Maine and a Maine body politic and corporate.

5.      Defendant Kennebec County Sheriff's Office (the "Sheriff's Office") is and was at all times relevant herein a department of the government of the County and a Maine body politic and corporate which operates the Kennebec County Correctional Facility (the "Correctional Facility").

6.      Defendant L. Kenneth Mason ("Sheriff Mason") is an individual who, upon information and belief, resides at Rural Route 135, Readfield, ME 04355, and who is and was at all times pertinent herein responsible for the policies of the Sheriff's Office and the actions of the sergeants and corrections officers employed by the Sheriff's Office.

7.      Upon information and belief, Defendant Lawrence Peabody ("Sgt. Peabody") is an individual who, upon information and belief, resides at 44 Pit Road #1, Vassalboro, ME 04989, and who was all times pertinent herein a sergeant employed by the Sheriff's Office and responsible for the corrections officers employed by the Sheriff's Office.

8.      Upon information and belief, Defendant Gavin Lachance ("Lachance") is an individual who, upon information and belief, resides at 1278 Battle Ridge Road, Clinton, ME 04927, and who was all times pertinent herein a corrections officer employed by the Sheriff's Office.

9.      Upon information and belief, Defendant Kirby Bradburn ("Bradburn") is an individual who, upon information and belief, resides at 318 Walker Road, Norridgewock, ME 04957, and who was all times pertinent herein a corrections officer employed by the Sheriff's Office.

10.     Upon information and belief, Defendant Leucio Pacelli ("Pacelli") is an individual who, upon information and belief, resides at 52 Mountain Street #4, Camden, ME 04843, and who was all times pertinent herein a corrections officer employed by the Sheriff's Office.

11.     Upon information and belief, Defendant Michael Dumont (individually "Dumont" and collectively with Defendant Lachance, Defendant Bradburn, and Defendant Pacelli, the

"Corrections Officers") is an individual who, upon information and belief, resides at 137 Main Street #B, Waterville, ME 04901, and who was all times pertinent herein a corrections officer employed by the Sheriff's Office.

12.     Ms. Gagnon institutes these proceedings and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. § 1343 to obtain the costs of suit, including reasonable attorney fees, and damages suffered by Mr. Gagnon and caused by Defendants' violation of his rights as guaranteed in the Eighth and Fourteenth Amendments to the Constitution of the United States and by federal law, particularly 42 U.S.C. § 1983.

13.     Jurisdiction is also based upon 28 U.S.C § 1331, in that the matter in controversy arises under the Eight and Fourteenth Amendments to the Constitution of the United States, and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

14.     Venue is proper under 28 U.S.C. § 1391 because Defendants reside in this district and the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTS

15.     On or about November 14, 2017, Mr. Gagnon was incarcerated at the Correctional Facility for contempt of court after he failed to pay child support.

16.     Upon arrival at the Correctional Facility, Mr. Gagnon was placed in a cell with Elijah Ashley, an inmate who had been charged with a violent crime.

17.     At all relevant times, Sheriff Mason, Sgt. Peabody, and the Corrections Officers were fully aware that Mr. Gagnon's cellmate had violent tendencies.

18.     On the evening of November 17, 2017, Mr. Gagnon and his cellmate were placed in their cell for the night.

19.     At some time during the night, Mr. Gagnon's cellmate began to brutally and maliciously beat Mr. Gagnon until Mr. Gagnon was unconscious.

20.     Sheriff Mason, Sgt. Peabody, and the Corrections Officers failed to discover Mr. Gagnon until approximately 5:20 in the morning, at which time he was unconscious and bleeding severely from the head.

21.     Mr. Gagnon was subsequently transported via Life Flight to Maine Medical Center, where he remained for a month before being transferred to a rehabilitation facility.

22.     The County, the Sheriff's Office, and Sheriff Mason were at all pertinent times herein responsible for the policies of the Correctional Facility and the actions, training, and supervision of the Corrections Officers employed at the Correctional Facility.

23.     At all relevant times, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Maine and/or the County.

24.     At all relevant times, Sheriff Mason, Sgt. Peabody, and the Corrections Officers were duly appointed and acting as officers of the Sheriff's Office, acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Maine and/or the County.

25.     Defendants violated Mr. Gagnon's constitutional rights and rights protected under the laws of the State of Maine by showing deliberate indifference to his health and safety when they failed to prevent and protect him from the assault of another inmate.

26.     Defendants demonstrated a deliberate indifference to the health and safety of Mr. Gagnon by placing him in a cell with a man they knew was violent in nature, failing to assign an adequate number of guards or implement other measures to prevent an attack on Mr. Gagnon or to intervene or rescue Mr. Gagnon in the event of such an attack, and by failing to discover his injuries for a lengthy period of time after the attack.

27.     As a result of the Defendants' deliberate indifference to the health and safety of Mr. Gagnon, Mr. Gagnon suffered from, and continues to suffer from, a traumatic and permanent brain injury rendering him disabled.

28.     Mr. Gagnon is entitled to recover damages pursuant to 42 U.S.C. § 1983, as well as reasonable attorney's fees and costs for bringing this action.

29.     Under 42 U.S.C. § 1983, Mr. Gagnon is entitled to recover punitive damages from Defendants because they maliciously, wantonly, or intentionally violated Mr. Gagnon's federally protected rights or acted with reckless or callous disregard or indifference for Mr. Gagnon's federally protected rights.

30.     Under Maine law, Mr. Gagnon is entitled to recover punitive damages because Defendants' conduct was motivated by actual ill will or was so outrageous that malice implied.

31.     As a direct and proximate result of the acts and/or omissions of Defendants, Mr. Gagnon has suffered:

      a.   Violation of his constitutional rights under the United States Constitution and the laws of the State of Maine to be free of cruel and unusual punishment;

      b.   Physical pain and suffering, and past, present, and future emotional trauma and suffering;

      c.   Past, present, and future medical expenses.

**COUNT I**
**Violations of Eighth Amendment to the United States Constitution**
**Cruel and Unusual Punishment (42 U.S.C. § 1983)**

32.     Paragraphs 1 through 31 are incorporated by reference as though fully set forth herein.

33.     Defendants, acting under color of state law, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in the County and surrounding localities, and specifically inmates of the Correctional Facility, that caused Mr. Gagnon's constitutional rights to be violated.

34.     There was a substantial risk that Mr. Gagnon would be attacked by another inmate, and particularly Mr. Ashley.

35.     It was policy and/or custom for Defendants to place nonviolent inmates in cells with known violent inmates and inaccurately or inadequately review each inmates' criminal history, charge, and behavior when making inmate classifications and cellmate designations; to employ inadequate measures, including assigning an inadequate number of guards, to prevent physical assaults on inmates by other inmates, or to intervene or rescue inmates in the event of such an attack; and to conduct inadequate and/or insufficiently frequent wellness checks on inmates.

36.     It was policy and/or custom for Defendants to inadequately train and supervise correctional officers in all respects, but particularly to properly classify inmates and make thorough, routine wellness checks on inmates, thereby failing to adequately protect inmates' rights and discourage further constitutional violations on the part of its correctional officers.

37.      The above described policies and customs demonstrated a deliberate indifference on the part of Defendants to the substantial risk of attacks on inmates by other inmates and were the cause of the violations of the Mr. Gagnon's rights alleged herein.

38.     Defendants' deliberate indifference to Mr. Gagnon's safety constitutes cruel and unusual punishment in violation of his rights under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.

39.     As a result of Defendant's actions, Mr. Gagnon has suffered substantial injury.

**COUNT II**
**Violations of the Fourteenth Amendment to the United States Constitution**
**Due Process (42 U.S.C. § 1983)**

40.     Paragraphs 1 through 39 are incorporated herein by reference as if fully set forth herein.

41.     Defendants had a duty to take reasonable measures to guarantee the safety of inmates in their custody and to protect inmates in their custody from violence at the hands of other inmates.

42.     Defendants' policies and customs regarding inmate intake, classification, and security, as well as training and supervision of corrections officers, as more fully described above, made Mr. Gagnon more vulnerable to physical attacks by other inmates.

43.     Attacks on inmates, such as Mr. Gagnon, by fellow inmates, especially those charged with violent crimes, were foreseeable and a direct result of Defendants' conduct.

44.     Defendants acted with deliberate indifference of that risk.

45.     Defendants, acting under color of state law, deprived Mr. Gagnon of his right to life, liberty and property without due process of law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

46.     As a result of Defendants' actions, Mr. Gagnon has suffered substantial injury.

## COUNT III
### Violations of Article I, section 9 of the Maine Constitution
### Cruel and Unusual Punishment (5 M.R.S. § 4682)

47.     Paragraphs 1 through 46 are incorporated herein by reference as if fully set forth herein.

48.     Through their conduct, as more fully described above, Defendants intentionally interfered or attempted to interfere with Mr. Gagnon's right to be free from cruel and unusual punishment in violation of 5 M.R.S. § 4682 and Article I, section 9 of the Maine Constitution.

49.     Defendants' interference or attempted interference with Mr. Gagnon's rights secured by Article I, section 9 of the Maine Constitution was accomplished by physical force or violence or the threat of physical force or violence in violation of 5 M.R.S. § 4682

50.     As a result of Defendants' actions, Mr. Gagnon has suffered substantial injury.

## COUNT IV
### Violations of Article I, section 6-A of the Maine Constitution
### Due Process (5 M.R.S. § 4682)

51.     Paragraphs 1 through 50 are incorporated herein by reference as if fully set forth herein.

52.     Through their conduct, as more fully described above, Defendants intentionally interfered or attempted to interfere with Mr. Gagnon's right to due process in violation of 5 M.R.S. § 4682 and Article I, section 6-A of the Maine Constitution.

53.     Defendants' interference with Plaintiff's rights secured by Article I, section 6-A of the Maine Constitution was accomplished by physical force or violence or the threat of physical force or violence in violation of 5 M.R.S. § 4682.

54.     As a result of Defendants' actions, Mr. Gagnon has suffered substantial injury.

## COUNT V
### Negligence

55.     Paragraphs 1 through 54 are incorporated herein by reference as if fully set forth herein.

56.     Defendants had a duty to take reasonable measures to guarantee the safety of inmates in their custody and to protect inmates in their custody from violence at the hands of other inmates.

57.     By their conduct, as set forth more fully above, Defendants breached their duty to Plaintiff.

58.     As a result of Defendants' acts and omissions, as described above, Plaintiff has suffered substantial injury.

## COUNT VI
### Intentional Infliction of Emotional Distress

59.     Paragraphs 1 through 58 are incorporated herein by reference as if fully set forth herein.

60.     Defendants' conduct, as more fully described above, was so extreme and outrageous as to exceed all possible bounds of decency, and must be regarded as atrocious and utterly intolerable in a civilized community.

61.     Defendants intentionally or recklessly inflicted severe emotional distress on Plaintiff or was certain or substantially certain that such distress would result from their conduct.

62.     Defendants' actions caused Plaintiff's emotional distress.

63.     Plaintiff's emotional distress was so severe that no reasonable person could expect to endure it.

## COUNT VII
### Negligent Infliction of Emotional Distress

64.     Paragraphs 1 through 63 are incorporated herein by reference as if fully set forth herein.

65.     Defendants had a duty to take reasonable measures to guarantee the safety of inmates in their custody and to protect inmates in their custody from violence at the hands of other inmates.

66.     By their conduct, as more fully described above, Defendants breached their duty to Plaintiff.

67.     Emotional Distress to Plaintiff was a reasonably foreseeable result of Defendants' conduct.

68.     Defendants' actions, as described above, caused serious emotional distress to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.   Award compensatory damages to the Plaintiff against Defendants, jointly and severally;

b.   Award punitive damages to Plaintiff against Defendants;

c.   Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 5 M.R.S. § 4683; and

d.   Award such other further relief as the Court deems appropriate.

The Plaintiff PAULA J. GAGNON hereby requests a trial by jury.

Dated:  November 11, 2019

*/s/ Allison A. Economy*
Allison A. Economy, Esq. (Me. Bar #5336)
Joshua A. Tardy, Esq. (Me. Bar #7740)
Jonathan P. Hunter, Esq. (Me. Bar #4912)
Rudman Winchell
Attorneys for Plaintiff Paula J. Gagnon
84 Harlow Street – P.O. Box 1401
Bangor, ME  04402-1401
Tel: (207) 947-4501
aeconomy@rudmanwinchell.com
jtardy@rudmanwinchell.com
jhunter@rudmanwinchell.com