## UNITED STATES DISTRICT COURT
### District of Maine

|  |  |
|---|---|
| PAULA J. GAGNON as guardian and conservator of PAUL G. GAGNON, <br>         Plaintiff <br><br> v. <br><br> KENNEBEC COUNTY, KENNEBEC COUNTY SHERIFF'S OFFICE, L. KENNETH MASON, LAWRENCE PEABODY, GAVIN LACHANCE, KIRBY BRADBURN, LEUCIO PACELLI, and MICHAEL DUMONT, <br>         Defendants | Docket No. 1:19-CV-00520-JAW |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME Defendants, by and through undersigned counsel, and hereby respond to the allegations contained in Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

A. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

B. Defendants, in their individual capacities, are entitled to qualified immunity on Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

C. Defendants, in their official capacities, are immune from any claims brought under the Maine Tort Claims Act.

D. Defendants, in their individual capacities, are entitled to immunity from any claims brought under the Maine Tort Claims Act pursuant to the provisions of 14 M.R.S. § 8111.

1

E.  Any damages sustained by Plaintiff were caused by the acts and/or omissions of an individual and/or entity other than Defendants.

F.  Plaintiff's damages, if any, were directly and proximately caused by a legally sufficient superseding/intervening cause.

G.  Plaintiff has failed to mitigate the damages as required by law.

H.  Plaintiff's Complaint is barred because Paul Gagnon was negligent in an amount equal to or greater than any negligence of Defendants, and Plaintiff's damages must be reduced by an amount commensurate with Paul Gagnon's own negligence.

I.  Plaintiff's Complaint is barred for failure to comply with conditions precedent to the maintenance of this lawsuit, including, without limitation, the notice requirements of 14 M.R.S. § 8107.

J.  The Kennebec County Sheriff's Office is not an entity that can be sued.

## ANSWER

1-3.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiff's Complaint and therefore deny same.

4.  Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

5.  Defendants admit that Kennebec County Sheriff's Office is and was at all times relevant herein a department of the government of the County which operates the Kennebec County Correctional Facility. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

6. Defendants admit that Defendant L. Kenneth Mason is the Sheriff of Kennebec County. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

7. Defendants admit that Lawrence Peabody is employed as a Corrections Officer by the Sheriff's Office. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

8. Defendants admit that Gavin Lachance is employed as a Corrections Officer by the Sheriff's Office. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

9. Defendants admit that Kirby Bradburn is employed as a Corrections Officer by the Sheriff's Office. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

10. Defendants admit that Leucio Pacelli is employed as a Corrections Officer by the Sheriff's Office. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

11. Defendants admit that Michael Dumont was employed as a Corrections Officer by the Sheriff's Office. Defendants are without sufficient knowledge or information so as to form a

belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

12. Defendants agree that this court has jurisdiction over these claims. Defendants deny that they violated Mr. Gagnon's constitutional rights. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

13. The allegations contained in this paragraph of Plaintiff's Complaint do not require a response. To the extent a response is required, Defendants agree that this court has jurisdiction and supplemental jurisdiction over these claims.

14. The allegations contained in this paragraph of Plaintiff's Complaint do not require a response. To the extent a response is required, Defendants agree that venue is proper in the United States District Court for the District of Maine.

## FACTS

15. Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

16. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

17. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

18-19. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiff's Complaint and therefore deny same.

20. Defendants admit that at approximately 5:20 in the morning on November 18, 2017, it was discovered that Mr. Gagnon was unresponsive. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

21-24. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiff's Complaint and therefore deny same.

25-31. Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## COUNT I
### Violations of Eighth Amendment to the United States Constitution
### Cruel and Unusual Punishment (42 U.S.C. § 1983)

32. Defendants repeat their responses to Paragraphs 1 through and including 31 of Plaintiff's Complaint as if fully set forth herein.

33-39. Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## COUNT II
### Violations of Fourteenth Amendment to the United States Constitution
### Due Process (42 U.S.C. § 1983)

40. Defendants repeat their responses to Paragraphs 1 through and including 39 of Plaintiff's Complaint as if fully set forth herein.

41. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

42-46.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## COUNT III
Violations of Article I, Section 9 of the   Maine Constitution
Cruel and Unusual Punishment (5 M.R.S. § 4682)

47.   Defendants repeat their responses to Paragraphs 1 through and including 46 of Plaintiff's Complaint as if fully set forth herein.

48-50.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## COUNT IV
Violations of Article I, Section 6-A of the Maine Constitution
Due Process (5 M.R.S. § 4682)

51.   Defendants repeat their responses to Paragraphs 1 through and including 50 of Plaintiff's Complaint as if fully set forth herein.

52-54.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## COUNT V
Negligence

55.   Defendants repeat their responses to Paragraphs 1 through and including 54 of Plaintiff's Complaint as if fully set forth herein.

56.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

57-58.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## COUNT VI
Intentional Infliction of Emotional Distress

59. Defendants repeat their responses to Paragraphs 1 through and including 58 of Plaintiff's Complaint as if fully set forth herein.

60-63. Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## COUNT VII
Negligent Infliction of Emotional Distress

64. Defendants repeat their responses to Paragraphs 1 through and including 63 of Plaintiff's Complaint as if fully set forth herein.

65. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

66-68. Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

WHEREFORE, Defendants pray for judgment in their favor against the Plaintiff on all counts of Plaintiff's Complaint, plus costs, interest, and attorneys fees.

Dated:  December 19, 2019                     /s/  Peter T. Machesi
                                              Peter T. Marchesi, Esq.


                                              /s/  Cassandra S. Shaffer
                                              Cassandra S. Shaffer, Esq.

                                              Wheeler & Arey, P.A.
                                              Attorneys for Defendants
                                              27 Temple Street
                                              Waterville, ME   04901

7

## UNITED STATES DISTRICT COURT
### District of Maine

|  |  |
|---|---|
| PAULA J. GAGNON as guardian and conservator of PAUL G. GAGNON,<br>　　　　Plaintiff<br><br>v.<br><br>KENNEBEC COUNTY, KENNEBEC COUNTY SHERIFF'S OFFICE, L. KENNETH MASON, LAWRENCE PEABODY, GAVIN LACHANCE, KIRBY BRADBURN, LEUCIO PACELLI, and MICHAEL DUMONT,<br>　　　　Defendants | Docket No. 1:19-CV-00520-JAW |

## **CERTIFICATE OF SERVICE**

I, Peter T. Marchesi, hereby certify that:

● Answer and Affirmative Defenses of Defendants

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

> Allison A. Economy, Esq.　　　　*aeconomy@rudmanwinchell.com*
> Joshua A. Tardy, Esq.　　　　　　*jtardy@rudmanwinchell.com*
> Jonathan P. Hunter, Esq.　　　　 *jhunter@rudmanwinchell.com*

Dated:  December 19, 2019　　　　　　　　　 /s/   Peter T. Marchesi
　　　　　　　　　　　　　　　　　　　　　　 Peter T. Marchesi, Esq.
　　　　　　　　　　　　　　　　　　　　　　 Wheeler & Arey, P.A.
　　　　　　　　　　　　　　　　　　　　　　 Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　 27 Temple Street
　　　　　　　　　　　　　　　　　　　　　　 Waterville, ME  04901

8